**In re A.M.W. et al.**

[Cite as *In re A.M.W.*, 170 Ohio App.3d 389, 2007-Ohio-682.]

Court of Appeals of Ohio,
Ninth District, Medina County.

Nos. 06CA0078–M and 06CA0079–M.

Decided Feb. 20, 2007.

Robert Vasquez, pro se.

Frederick C. Bougher, for appellee.

SLABY, Presiding Judge.

{¶ 1} Appellant, Robert Vasquez, appeals from an order of the Medina County Court of Common Pleas, Probate Division, finding that his consent to the adoption of his two minor children, A.M.W., born September 1, 1997, and R.A.W., born September 5, 1999, by James Alan Weil was not necessary. This court reverses.

{¶ 2} Robert Vasquez and Karra Elizabeth Weil were married in 1996, and the above-named children were born as issue of that marriage. In August 2000, Robert was charged with, and subsequently convicted of, kidnapping and rape. In November 2000, Robert was sentenced to serve a term of ten years to life in prison. Karra initiated proceedings to end their marriage, and a divorce was ultimately granted in 2002.

{¶ 3} In August 2003, Karra married James Weil, the petitioner, and on February 21, 2006, he filed a petition seeking to adopt A.M.W. and R.A.W. Through his petition, petitioner asserted that the consent of Robert was not required because Robert had failed without justifiable cause to provide for the support and maintenance of the children for at least one year. Karra consented to the adoption, but Robert objected.

{¶ 4} The matter was heard upon the issue of the necessity of Robert to consent to the adoptions. At the conclusion of the hearing, the trial court found that Robert's consent was not required.

{¶ 5} Robert timely filed a notice of appeal and assigned two errors for review. The petitioner and Robert were each represented by counsel at trial. As to the appeal, Robert filed a brief pro se, and petitioner filed no brief.

## Assignment of Error I

The trial court erred as a matter of law in finding that Appellant Robert Vasquez failed without justifiable cause to provide maintenance and support to his minor children during the one year period prior to the filing of the petition for adoption.

## Assignment of Error II

The trial court's finding that Appellant Robert Vasquez failed without justifiable cause to provide support and maintenance to his minor children during the one year period prior to the filing of the petition for adoption is against the manifest weight of the evidence.

{¶ 6} Through both of his assignments of error, Robert contests the trial court's finding that he failed without justifiable cause to provide maintenance and support for his minor children during the one-year period prior to the filing of the petition for adoption. In the first assignment of error, Robert contends that the finding is erroneous as a matter of law and, in the second assignment of error, he contends that the finding is unsupported by the weight of the evidence. Because the trial court applied the incorrect burden of proof in reaching its decision, we find merit in the first assignment of error and conclude that the second assignment of error is moot. We reverse the judgment of the trial court and remand this matter for further proceedings.

{¶ 7} In general, a minor child may be adopted only when the child's parent has given written consent. See R.C. 3107.06. However, R.C. 3107.07(A) provides that consent will not be required if "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶ 8} The Ohio Supreme Court has indicated that this statute places on the petitioner for adoption the burden of proving not only his allegations of failure to support, but also his allegations of the lack of justifiable cause. See *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 166, 23 OBR 330, 492 N.E.2d 140, fn. 2. Any alteration in this allocation of burden of proof may offend due process. Id.

{¶ 9} In a subsequent adoption case, the Ohio Supreme Court reaffirmed this allocation of the burden of proof:

> Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, *both* (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause.

(Emphasis added.)  *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, at paragraph one of the syllabus.  The court continued:

> Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure.  *The burden of proof, however, remains with the petitioner.*

(Emphasis added.)  Id., paragraph two of the syllabus.

{¶ 10} Thus, in the present case, petitioner was obligated to prove, by clear and convincing evidence, that Robert had failed to provide support for his children during the requisite one-year period and also that such failure was without justifiable cause.  Id. at paragraph one of the syllabus.  Once petitioner established that Robert had failed to support the children for at least one year, the burden of going forward with the evidence shifted to Robert to show "some facially justifiable cause."  Id., paragraph two of the syllabus.  The burden of demonstrating that the failure of support was without justifiable cause, however, remained with petitioner.  Id.

{¶ 11} In the present case, the trial judge indicated that the burden of proof he used in reaching his decision was as follows:

> Once the petitioner establishes that the natural parent has failed to support the child for the one year look back period, *the burden is on the natural parent to show the failure to support was justified.*

(Emphasis added.)

{¶ 12} It is therefore apparent from the record that the trial judge applied the incorrect burden of proof in this case.  The trial court erroneously required Robert to prove that his failure to provide support to the children was justified, whereas, the burden of proving that the failure to support was without justifiable cause properly belonged to the petitioner.  Robert was obligated only with the burden of going forward with "some facially justifiable cause" for failure to support.

█  {¶ 13} The burden of proof applicable in a particular case is a question of law.  See *Petro v. N. Coast Villas Ltd.* (2000), 136 Ohio App.3d 93, 99, 735 N.E.2d 985.  Because the trial court utilized an incorrect burden of proof in reaching its

decision, the court's conclusion is erroneous as a matter of law, and the judgment may not stand.  See *Copley Twp. Bd. of Trustees v. Lorenzetti* (2001), 146 Ohio App.3d 450, 454, 766 N.E.2d 1022.  A consideration of the evidence under the proper burden of proof must be performed in the first instance by the trial court, and we remand this matter to the trial court for consideration under the proper burden of proof.

{¶ 14} Robert's first assignment of error is thereby sustained, and his second assignment of error is rendered moot.  The judgment of the Medina County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

CARR and WHITMORE, JJ., concur.