DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Vasquez, appeals from two judgments of the Medina County Court of Common Pleas, Probate Division. This Court affirms the judgment appealed in 08CA0040-M, but vacates the judgment appealed in 08CA0051-M because the trial court lacked jurisdiction to proceed with the adoption while the first appeal was pending.
 I. {¶ 2} Vasquez is the natural father of A.W. and R.W. In November 2000, he was convicted of rape and kidnapping and sentenced to a period of incarceration of ten years to life. Vasquez and the children's mother ("Mother") were divorced in 2002. Mother remarried in 2003 and, on February 21, 2006, Mother's new husband ("Step-father") filed a petition in the probate court to adopt A.W. and R.W. Because Vasquez would not consent to the adoption, Step-father sought a determination by the probate court that it was not necessary to obtain *Page 2 
Vasquez's consent to the adoption. Specifically, Step-father alleged that Vasquez had failed without justifiable cause to pay support for the children for at least one year prior to either the filing of the petition or the placement of the children in Step-father's home. See R.C. 3107.07(A).
 {¶ 3} The probate court determined that Vasquez had failed without justifiable cause to provide financial support for the children for the requisite one-year look-back period. Consequently, the trial court held that the adoption could proceed without the consent of Vasquez. That judgment was reversed on appeal to this Court, however, because the trial court had improperly placed the burden on Vasquez to establish a justifiable cause for his failure to pay support. In re AM. W.,170 Ohio App.3d 389, 2007-Ohio-682, at ¶ 12-14.
 {¶ 4} On remand after the first appeal, the probate court reevaluated the evidence concerning the failure of Vasquez to pay child support, and appropriately placed the burden on Step-father to prove both that Vasquez had failed to pay financial support for his children for the requisite one-year period and that his failure to pay support was not justified. The trial court found that Vasquez had failed to pay any support to his children during the one-year period and that, although Vasquez was incarcerated during this period, he received income in excess of his monthly child support obligation. Therefore, on June 4, 2007, the trial court determined that Vasquez's failure to pay support had been without justifiable cause and, therefore, his consent to the adoption was not necessary. This Court affirmed that decision on appeal.In re A.M.W., 9th Dist. No. 07CA0062-M and 07CA0063-M, 2008-Ohio-1456, at ¶ 18.
 {¶ 5} Shortly after this Court's decision in the second appeal, Vasquez filed a motion in the trial court entitled "MOTION TO STAY PROCEEDINGS; MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE." Vasquez maintained that while the second appeal was *Page 3 
pending, the federal district court for the Northern District of Ohio had conditionally granted him a writ of habeas corpus. Vasquez attached a copy of the federal court decision to his motion. The federal district court determined that Vasquez had been denied his constitutional right to the effective assistance of trial counsel and ordered that he be granted a new trial or be unconditionally released. Vasquez v.Bradshaw (N.D.Ohio 2007), 522 F.Supp.2d 900, 932.
 {¶ 6} Through his motion, Vasquez requested that the court hold a new hearing and consider this additional evidence pertaining to whether he had a justifiable cause for his failure to pay support to his children. Vasquez maintained that the federal court's decision that he had been wrongfully convicted and incarcerated contradicted the trial court's earlier determination that his failure to pay support had been unjustified.
 {¶ 7} On May 7, 2008, the trial court denied his motion, explaining that the federal court decision would not change its decision that Vasquez's failure to support his children had been without justifiable cause. On May 30, 2008, in appeal number 08CA0040-M, Vasquez timely appealed from the trial court's May 7 decision.
 {¶ 8} While appeal number 08CA0040-M was pending before this Court, the trial court proceeded with the best interest hearing and issued the final decree of adoption on June 9, 2008. Vasquez timely appealed from the trial court's June 9, 2008 judgment in appeal number 08CA0051-M.
 {¶ 9} This Court later consolidated appeals number 08CA0040-M and 08CA0051-M. Vasquez raises one assignment of error in appeal number 08CA0040-M and three assignments of error in appeal number 08CA0051-M. *Page 4 
 II. ASSIGNMENT OF ERROR I "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE[.]"
 {¶ 10} Vasquez contends that the trial court erred in denying his request that the court hold a new hearing on the necessity of his consent to the adoption and consider the federal district court decision that he was entitled to a new criminal trial.
 {¶ 11} After the trial court issued its final judgment on June 4, 2007, that Vasquez's consent to the adoption was not necessary under R.C. 3107.07(A), it had no authority to reconsider that judgment. Its authority to modify the judgment was limited to the relief provided by the civil rules. Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 380. Although Vasquez did not explicitly caption his motion as one filed pursuant to Civ. R. 60(B), the trial court apparently construed it as such because it ruled on the motion as one properly before it. Consequently, this Court will construe Vasquez's motion as one filed pursuant to Civ. R. 60(B).
 {¶ 12} In order to prevail on a motion brought pursuant to Civ. R. 60(B), the moving party must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 13} The decision whether to grant relief from judgment is within the sound discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion amounts to more than an error of judgment, but instead equates to "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), *Page 5 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 14} Vasquez attempted to state a ground for relief under Civ. R. 60(B), which provides, in relevant part, that "the court may relieve a party *** from a final judgment, order or proceeding for the following reasons: *** (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)[.]
 {¶ 15} Vasquez maintained that he had discovered while his second appeal was pending that his petition for writ of habeas corpus had been conditionally granted. He attached a copy of the federal district court decision, which was issued on October 3, 2007, long after the trial court's hearing on whether Vasquez's consent to the adoption was required. Vasquez filed his motion on April 28, 2008, shortly after the trial court regained jurisdiction after remand from the second appeal.
 {¶ 16} Even if Vasquez could demonstrate that he discovered this evidence long after the trial court's hearing on the necessity of obtaining his consent to the adoption, and that he could not have discovered the evidence earlier because it did not exist, Vasquez was also required to demonstrate that the newly discovered evidence was material to and likely would have changed the trial court's June 4, 2007 decision. Holden v. Ohio Bur. of Motor Vehicles (1990),67 Ohio App.3d 531, 540.
 {¶ 17} Vasquez failed to demonstrate that his new evidence would tend to affect the trial court's June 2007 decision. The trial court explained in its decision denying his motion that it had not based its decision that Vasquez had unjustifiably failed to support his children on the fact that he was incarcerated, rightfully or wrongfully. The trial court's June 4, 2007 decision, and this Court's decision affirming it on appeal, were based on the fact that Vasquez had a small *Page 6 
monthly income but chose to spend it on himself rather than sending his children even a small portion of it. Vasquez had asserted at the hearing that he was spending most of his income on legal fees in an attempt to overturn his conviction. Although his newly discovered evidence did tend to demonstrate that the legal fees helped to successfully overturn his conviction, it did not demonstrate that the trial court had wrongly concluded that Vasquez put his own needs ahead of his children's need for support. Moreover, given the deferential standard of review of the trial court's ruling on a Civ. R. 60(B) motion, this Court cannot say that the trial court acted unreasonably or arbitrarily in refusing to vacate its prior decision that Vasquez's failure to support his children had been without justifiable cause. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THE FINAL ADOPTION HEARING WHILE AN APPEAL OF THE CASE WAS PENDING[.]"
 {¶ 18} Vasquez contends that the trial court lacked jurisdiction to proceed with the best interest hearing and final adoption decree while appeal number 08CA0040-M was pending in this Court. Consequently, through appeal number 08CA0051-M, Vasquez asserts that the trial court's final decree of adoption is void. This Court agrees.
 {¶ 19} Vasquez perfected an appeal to this Court on May 30, 2008, by filing a notice of appeal from the trial court's May 7, 2008 order that denied his Civ. R. 60(B) motion. Once an appeal has been filed, the trial court "loses jurisdiction except to take action in aid of the appeal."In re S.J., 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 9. As the Ohio Supreme Court further emphasized in In re S.J., "the determination as to the appropriateness of an appeal lies solely *Page 7 
with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal." Id. at ¶ 10, citing In re TerranceP. (1997), 124 Ohio App.3d 487, 489.
 {¶ 20} Vasquez had filed appeal number 08CA0040-M, which was pending when the trial court proceeded with the best interest hearing and final decree of adoption. As appeal number 08CA0040-M challenged the trial court's refusal to consider additional evidence on the issue of whether Vasquez's consent to the adoption was necessary, the trial court's actions of proceeding without his consent to the best interest hearing and issuing the final decree of adoption were inconsistent with this Court's jurisdiction in appeal number 08CA0040-M. Consequently, the trial court acted without jurisdiction in proceeding with the adoption proceedings and its best interest determination and subsequent decree of adoption are necessarily void. The second assignment is error is sustained.
 ASSIGNMENT OF ERROR III "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE ADOPTION TO BE IN THE BEST INTERESTS OF THE MINOR CHILDREN[.]"
 ASSIGNMENT OF ERROR IV "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR TRANSCRIPT OF PROCEEDINGS AT STATE'S EXPENSE, AS SUCH WAS REQUIRED UNDER THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS AND BY SOUND PUBLIC POLICY SUPPORTING THE INTEGRITY OF FAIR AND EQUITABLE REVIEW OF ADOPTION ORDERS[.]"
 {¶ 21} Vasquez has also challenged the merits of actions taken by the trial court while appeal number 08CA0040-M was pending. Because this Court has determined that the trial court acted without jurisdiction in proceeding with the adoption, these assignments of error have been rendered moot and will not be addressed. See App. R. 12(A)(1)(c). *Page 8 
 III. {¶ 22} The first assignment of error is overruled. The second assignment of error is sustained. The remaining assignments or error were not addressed because they are moot. The judgment of the trial court that was appealed in 08CA0040-M is affirmed. The judgment appealed in 08CA0051-M is vacated and the matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Whitmore, J., and Belfance, J., concur. *Page 1