[Cite as *Filip v. Wakefield Run Master Homeowners' Assn., Inc.*, 2017-Ohio-1179.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JEFF FILIP

    Appellee

    v.

WAKEFIELD RUN MASTER
HOMEOWNERS' ASSOCIATION, INC.

    Appellant

C.A. No.     15CA0050-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13CIV0661

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

---

HENSAL, Judge.

**{¶1}** Defendant-Appellant, Wakefield Run Master Homeowners' Association, Inc., appeals from the judgment of the Medina County Court of Common Pleas, quieting title on approximately 0.1798 acres of land in favor of Plaintiff-Appellee, Jeff Filip, on the basis of adverse possession. For the following reasons, this Court reverses.

I.

**{¶2}** In 1985, Plaintiff-Appellee, Jeff Filip, purchased a home located at 24 West Boston Road in Medina County. Mr. Filip, his wife, and his parents originally owned the home. Mr. Filip and his wife subsequently refinanced, and his parents' interest was removed. Years later, Mr. Filip and his wife divorced, leaving Mr. Filip as the sole title owner of the home.

**{¶3}** In 2013, Mr. Filip filed a complaint against Wakefield Run Master Homeowners' Association, Inc. ("Wakefield Run"), seeking to quiet title on an approximately 0.1798 acre piece of land located southwest of his property, which Wakefield Run owned. Mr. Filip asserted

that he acquired ownership of the land through adverse possession or, in the alternative, by prescriptive easement. His complaint also sought injunctive relief to prevent Wakefield Run from interfering with his use of the land. Wakefield Run filed counterclaims for trespass and unlawful tree cutting, which it later dismissed.

{¶4} The case proceeded to a bench trial. At trial, Mr. Filip presented testimony from friends, family members, and neighbors who testified regarding his use of the disputed land over the years, which included maintaining a garden, mowing the grass, planting and removing trees, installing a culvert pipe, playing sports, and burying family pets. In summary, Mr. Filip argued that his use of the disputed land was exclusive, open, notorious, continuous, and adverse for more than twenty-one years.

{¶5} Wakefield Run argued that Mr. Filip's use of the disputed land was inconsistent over the years and, therefore, he could not satisfy the requirements for adverse possession. Wakefield Run further argued that surveys were conducted in 1990, 1996, and 1999, which interrupted the 21-year statutory period and evidenced Wakefield Run's intent to reclaim the disputed land as the true owner.

{¶6} The trial court granted Mr. Filip's claims for adverse possession and injunctive relief, and dismissed his alternative claim for a prescriptive easement. The trial court then ordered Mr. Filip to submit a proposed legal description of the disputed land. After two additional hearings, the trial court entered its supplemental final judgment entry, which included a legal description of the disputed land. Wakefield Run now appeals the trial court's decision, raising three assignments of error for our review. For ease of consideration, we have combined Wakefield Run's second and third assignments of error.

II.

ASSIGNMENT OF ERROR I

THE LOWER COURT ERRED AS A MATTER OF LAW BY FAILING TO APPLY THE CLEAR AND CONVINCING BURDEN OF PROOF TO DETERMINE FILIP'S CLAIM OF ADVERSE POSSESSION.

{¶7}     In its first assignment of error, Wakefield Run argues that the trial court erred by using the incorrect burden of proof in granting judgment in favor of Mr. Filip.  "The burden of proof applicable in a particular case is a question of law[,]" which we review de novo.  *In re A.M.W.*, 9th Dist. Medina Nos. 06CA0078-M, 06CA0079-M, 2007-Ohio-682, ¶ 13; *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576 (1998) ("Questions of law are reviewed *de novo*.").

{¶8}     Both parties concede that the burden of proof for a claim of adverse possession is clear and convincing evidence.  *Grace v. Koch*, 81 Ohio St.3d 577, 580-581 (1998).  The trial court's supplemental final judgment entry, however, states that "[t]he issue is whether [Mr.] Filip has proven by a *preponderance of the evidence* exclusive possession of the adverse parcel and open, notorious, continuous, and adverse use of the adverse parcel for a period of twenty-one years."  (Emphasis added.)  While Wakefield Run argues that the trial court's error warrants reversal, Mr. Filip argues that Wakefield Run has not established that it was prejudiced by the trial court's judgment.  He further argues that, regardless of the standard the trial court applied, Wakefield Run presented no evidence to contradict his claims and, therefore, the trial court reached the correct conclusion.

{¶9}     We find Mr. Filip's arguments unpersuasive.  "Because the trial court utilized an incorrect burden of proof in reaching its decision, the court's conclusion is erroneous as a matter of law, and the judgment may not stand."  *In re A.M.W.* at ¶ 13.  A consideration of the evidence under the proper burden of proof must be performed in the first instance by the trial court.

Accordingly, we remand this matter to the trial court to consider the evidence under a clear and convincing burden of proof.

{¶10} Wakefield Run's first assignment of error is, therefore, sustained.

## ASSIGNMENT OF ERROR II

FILIP FAILED TO ESTABLISH BY CLEAR AND CONVINCING CASE THAT HIS USE OF THE DISPUTED LAND WAS OPEN, NOTORIOUS, CONTINUOUS AND ADVERSE FOR A PERIOD OF TWENTY-ONE YEARS AND THEREFORE WAKEFIELD RUN'S MOTIONS FOR DIRECTED VERDICT SHOULD HAVE BEEN [GRANTED].

## ASSIGNMENT OF ERROR III

THE LOWER COURT'S FINDING THAT FILIP HAD MET THE REQUISITE CLEAR AND CONVINCING STANDARD OF PROOF FOR ALL ELEMENTS REQUIRED TO OBTAIN REAL PROPERTY BY ADVERSE POSSESSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} In light of our disposition of Wakefield Run's first assignment of error, we decline to address the merits of its second and third assignments of error.

III.

{¶12} Wakefield Run Master Homeowners' Association, Inc.'s first assignment of error is sustained. We decline to address Wakefield Run Master Homeowners' Association, Inc.'s second and third assignments of error. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P.J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellant.

DAVID M. LENEGHAN and K. SCOTT CARTER, Attorneys at Law, for Appellee.