[Cite as *In re R.C.S.L-K.*, 2020-Ohio-5624.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|                          |     |            |
|--------------------------|-----|------------|
| IN RE R.C.S.L-K.         | :   |            |
| A Minor Child            | :   | No. 109554 |
| [Appeal by Father, C.R.K.] | : |            |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 10, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-19714268

***Appearances:***

C.R.K., *pro se.*

Leigh Hollingsworth, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} The appellant, C.R.K., filed a complaint for parentage, allocation of parental rights and responsibilities, and parenting time pro se on November 25, 2019, concerning R.C.S.L-K., his alleged minor daughter. Appellee, J.C.L., the child's mother, filed a motion to dismiss the complaint on January 3, 2020, on the grounds that C.R.K. was incarcerated. The magistrate entered an order granting the motion to dismiss on January 10, 2020, for lack of jurisdiction. The trial court adopted the magistrate's decision as written on January 27, 2020.

**{¶ 2}** C.R.K. now appeals, arguing that the trial court abused its discretion in adopting the magistrate's decision. However, C.R.K. did not file timely objections so we reviewed under a plain error standard. After a careful review, we find that the trial court had jurisdiction and that it was plain error for the trial court to adopt the magistrate's decision and grant the mother's motion to dismiss. We reverse and remand for the following reasons.

## I. Statement of the Facts and Procedural History

**{¶ 3}** C.R.K. filed a complaint for parentage, allocation of parental rights and responsibilities, and parenting time pro se on November 25, 2019. C.R.K. is currently serving a five-and-a-half-year sentence in the state of Arizona; he has an anticipated release date of April 21, 2022. C.R.K. states in his complaint that he had previously asked J.C.L. to put his name on the birth certificate but she declined. C.R.K. was absent for the birth of his daughter because he was hospitalized at the time. His daughter was born in Michigan and has a Michigan birth certificate. She and her mother now live in Cuyahoga County.

**{¶ 4}** In his complaint, C.R.K. moves for an establishment of paternity because: 1) his name is not on his daughter's birth certificate and 2) he alleges that J.C.L. is impeding "the visitation, custody, and general building of the parent/child relationship." C.R.K. acknowledges that his incarceration in Arizona makes visitation difficult, but wants to have the opportunity to communicate with his daughter.

**{¶ 5}** In response to C.R.K.'s complaint, J.C.L. filed a combined answer and a motion to dismiss on January 3, 2020. She admits that C.R.K. is the father, but states that he has not been present in his daughter's life, even before his incarceration. She also alleges that his incarceration in Arizona makes it impossible for him to have a meaningful relationship with his daughter or attend any mandatory mediation programs. As a result, she argues that C.R.K. does not have a claim under which relief can be granted.

**{¶ 6}** On January 10, 2020, the matter came for consideration without a hearing before the magistrate. The magistrate dismissed the complaint without prejudice, stating that:

> This court finds that the [c]omplaint fails to state sufficient grounds upon which this [c]ourt may grant relief for the reason that the child was born in the [s]tate of Michigan. The court further finds that the plaintiff is incarcerated in the [s]tate of Arizona and his anticipated release date is April 21, 2022.

**{¶ 7}** On January 27, 2020, the trial court entered judgment stating that the court "hereby affirms, approves and adopts the Magistrate's Decision that was filed January 10, 2020." Pursuant to Civ.R. 53(D)(3)(b)(i), C.R.K. had fourteen days from the filing of the magistrate's decision to file his objections — January 24, 2020. C.R.K. did not file objections until January 28, 2020, four days after the deadline had passed.

**{¶ 8}** On February 27, 2020, C.R.K. filed his notice of appeal with a single assignment of error. Well after his appeal had been submitted, on April 13, 2020, the trial court issued a second journal entry stating that the trial court did have

jurisdiction, despite its previous statement.  The trial court also stated that C.R.K. would be able to refile once he was out of prison and that the trial court might be better able to grant him the relief he wanted when he was free to come to Ohio.

{¶ 9} C.R.K. submits a single assignment of error.

The trial court erred and abused its discretion in adopting the [m]agistrate's decision to grant [d]efendant's motion to dismiss.

## II. Analysis

### A. The Trial Court's April 13, 2020 Judgment Entry

{¶ 10} We will first examine which of the trial court's judgments are properly before this court on appeal.  The trial court's January 27, 2020 judgment entry adopted the magistrate's decision in full, citing lack of jurisdiction and dismissing the complaint.  The trial court's second journal entry on April 13, 2020, modified its January 27, 2020 decision to find that the trial court did have jurisdiction.  However, the court still found that the motion to dismiss was appropriate because C.R.K. was incarcerated and the trial court stated that it could better address his claims when C.R.K. could freely appear in Ohio.

{¶ 11} The second April 13 judgment was entered over one month after C.R.K. had already filed his notice of appeal.  We find that the trial court had no authority to modify its January 27 decision after the appeal was filed.  "[T]he filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal." *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-

Ohio-626, 950 N.E.2d 149, ¶ 16.  Thus, only the court's January 27 judgment entry is properly before this court on appeal.

**B. Waiver**

{¶ 12} We will next address C.R.K.'s untimely objections to the magistrate's decision.

{¶ 13} Because C.R.K. did not file his objection to the magistrate's decision within fourteen days of its filing, he has waived any argument against the magistrate's decision on appeal.  Civ.R. 53(D)(3)(b)(i) states "within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision."  C.R.K filed his objections four days after the January 24, 2020 deadline.  By failing to file timely objections, a party waives the right to challenge errors in a magistrate's report. *State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53, 2000-Ohio-269, 723 N.E.2d 571.

{¶ 14} However, our review does not end with C.R.K.'s untimely objections. Civ.R. 53(D)(4)(c) states that "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  This requires plain error review.

{¶ 15} "'Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant.'"  *Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶ 11, quoting *Macintosh Farms Community Assn., Inc. v. Baker*, 8th Dist. Cuyahoga No. 102820,

2015-Ohio-5263, ¶ 8, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802 (1985). The magistrate's decision cited a lack of subject-matter jurisdiction as the reason to grant the motion to dismiss. The trial court did have jurisdiction in this matter. We therefore find an "error in the judicial process" and that it is "clearly apparent on the face of the record" and that it is "prejudicial to the appellant." As a result, we find that it was plain error for the trial court to adopt the magistrate's decision to dismiss for lack of jurisdiction.

### C. Subject-Matter Jurisdiction

{¶ 16} The juvenile trial court has jurisdiction over this parentage action pursuant to several statutes. In particular, the juvenile court has jurisdiction over this matter pursuant to R.C. 3111.06(A), which provides, in part:

> An action authorized under sections 3111.01 to 3111.18 of the Revised Code may be brought in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child, the child's mother, or the alleged father resides or is found * * * or of the county in which the child is being provided support by the county department of job and family services of that county.

{¶ 17} In this case, the child and the child's mother live in Cuyahoga County. Accordingly, the statute grants subject-matter jurisdiction. We have previously found that this statute specifies that a juvenile court has jurisdiction over the original action for the determination of paternity under R.C. 3111.02. *See In re R.L.H.*, 8th Dist. Cuyahoga No. 100327, 2014-Ohio-3411. The juvenile court also has jurisdiction to determine child custody matters in this case pursuant to R.C. 2151.23(F)(1). ("The juvenile court shall exercise its jurisdiction in child custody

matters in accordance with sections 3109.04 [(allocation of parental rights)]").  The trial court also has jurisdiction under R.C. 3127.15(A)(1) and 3127.01(7) because Ohio is the child's home state.

{¶ 18} The trial court adopted, without modification, the magistrate's decision granting the motion to dismiss for lack of jurisdiction.  As the court had jurisdiction to rule on the merits of the complaint for parentage, and the magistrate offered no other reason for granting the motion to dismiss, we find that the trial court erred in adopting the magistrate's decision to dismiss due to lack of jurisdiction.

{¶ 19} J.C.L. admitted that C.R.K. is the father.  She moved to dismiss primarily on the grounds that C.R.K. cannot have a relationship with their daughter while he is incarcerated in Arizona.  We are aware that the magistrate and trial court took judicial notice of C.R.K.'s release date of April 2022.  We are also aware that the trial court may have felt that it was a vain act to allow this case to proceed:  if the court sets a hearing and C.R.K. cannot appear because of his incarceration, this case may be dismissed for want of prosecution.  However, even if that is true, granting a motion to dismiss here was premature.  C.R.K.'s incarceration does not prevent him from filing a complaint to establish paternity.

{¶ 20} Finding that the trial court had jurisdiction, we reverse the granting of the motion to dismiss and remand to the trial court consistent with this opinion.

{¶ 21}  Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR