[Cite as *In re Adoption of A.J.T.*, 2022-Ohio-2619.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE ADOPTION OF: A.J.T.

C.A. No. 21CA011814

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 2020AD00044

DECISION AND JOURNAL ENTRY

Dated: August 1, 2022

TEODOSIO, Presiding Judge.

{¶1} Appellant, A.T. ("Father") appeals from a judgment of the Lorain County Court of Common Pleas, Probate Division, that denied his motion for an extension and refused to consider his untimely objections to a magistrate's decision. The trial court had previously adopted the magistrate's decision, which found that Father's consent to the adoption of his minor child was not required. This Court affirms.

I.

{¶2} Father is the biological father of a minor child, A.J.T., born May 26, 2015. Because the disposition of this appeal involves primarily procedural facts, this Court will confine its review to those relevant facts.

{¶3} B.W., the minor child's mother ("Mother"), is married to appellee, N.W. ("Stepfather"). On July 9, 2020, Stepfather filed a petition to adopt A.J.T. In the adoption petition, Stepfather alleged that the consent of Father was not required because Father had failed without

justifiable cause to have more than de minimis contact with A.J.T. for at least one year. *See* R.C. 3107.07(A).

{¶4} Father filed an objection to the adoption petition and asserted that a domestic relations civil protection order prohibited him from having any contact with Mother or A.J.T. He attached a copy of the order to his objections. Stepfather later filed an amended petition for adoption, asserting that Father's consent to the adoption was not required because of Father's unjustified lack of contact and his unjustified failure to pay financial support for the child for one year. *See* R.C. 3107.07(A).

{¶5} On August 3, 2021, the matter proceeded to a hearing before a magistrate on the necessity of Father's consent to the adoption. Father appeared at the hearing via videoconference and was represented by counsel. On August 25, 2021, the magistrate issued a decision that Father's consent to the adoption was not required under R.C. 3107.07(A) because Father had "failed without justifiable cause to provide for A.J.T.'s maintenance and support for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the Petitioner."

{¶6} On September 13, 2021, 19 days later, the trial court adopted the magistrate's decision and independently entered judgment that the consent of Father was not required for the adoption of A.J.T. by Stepfather. The next day, Father filed objections and a motion for an extension of time to file his objections to the magistrate's August 25 decision, stating that his attorney did not receive the magistrate's decision until September 1. Father did not dispute the evidence in the record that the decision had been timely served on his attorney by regular mail pursuant to Civ.R. 5(B)(2)(c).

{¶7} Three days later, Stepfather moved to strike Father's objections and opposed his motion for an extension, asserting that the 14-day period for filing objections under Civ.R. 53(D)(3)(b)(i) had expired before Father filed his objections or requested an extension of the 14-day period. Stepfather further asserted that the trial court had adopted the magistrate's decision after waiting more than 14 days for the filing of timely objections.

{¶8} On November 19, 2021, the trial court granted Stepfather's motion to strike the untimely objections and to deny Father's request for an extension of time because the trial court had previously issued a final order to adopt the magistrate's decision. Father timely appeals from the November 2021 judgment and raises two assignments of error.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FAILED TO EXTEND TIME TO OBJECT TO THE MAGISTRATE'S DECISION AS IT IS MANDATED TO DO SO UNDER CIV.R. 53(D)(5).

{¶9} Father's first assignment of error is that the trial court erred in striking his objections to the magistrate's decision rather than granting his motion for an extension of time to file his objections. Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.]" Father's argument relies on the extension language of Civ.R. 53(D)(5), which provides that the trial court "shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision[]" for "good cause shown[.]"

{¶10} We begin by emphasizing that "[a]n appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). To demonstrate reversible error, Father needs to demonstrate not only that he

demonstrated "good cause" for an extension of the objection period, but also that his request, filed after the extension period had expired and the trial court had entered judgment, was otherwise supported by Civ.R. 53 and Ohio law. As will be explained below, Father has failed to demonstrate that his request for an extension was supported by good cause or that his untimely request for an extension was otherwise supported by Ohio law.

**Good Cause**

{¶11} Father's argument relies solely on the language of Civ.R. 53(D)(5), which states, in relevant part:

> For good cause shown, the court shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision. "Good cause" includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's * * * decision.

Father asserts that the trial court was required to grant him an extension because he demonstrated good cause under the specific example given in the rule.

{¶12} In his request for an extension, however, Father argued only that his attorney did not receive a copy of the magistrate's decision until September 1, seven days after the magistrate's decision was filed. Although Father implied that his attorney's delayed receipt of the decision was akin to untimely service by the clerk, he cited no authority to support his position. Father did not dispute that service of the decision was timely completed under Civ.R. 5(B)(2)(c) by the clerk mailing a copy to his attorney.

{¶13} Moreover, even if delayed receipt of the decision by his attorney was arguably a reason for more time, Father offered no reasonable explanation for why his preliminary objections could not have been timely filed within the seven remaining days after his attorney received a copy of the decision. Consequently, Father has failed to demonstrate that he had "good cause" for requesting an extension.

**Untimely Request**

{¶14} Moreover, Father has failed to argue or demonstrate that the trial court erred in denying his request for an extension that was filed six days after the 14-day objection period expired and one day after the trial court adopted the magistrate's decision and entered judgment that Father's consent to the adoption was not required. In interpreting the scope of Civ. 53(D)(5), this Court must focus on the meaning of the extension language within the full context of Civ.R. 53(D).

{¶15} Civ.R. 53(D)(3)(b) permits a party to file written objections to a magistrate's decision "within fourteen days of the filing of the decision[.]" Civ.R. 53(D)(4)(d) requires the trial court to rule on objections only "[i]f one or more objections to a magistrate's decision are timely filed[.]" "If no timely objections are filed," however, Civ.R. 53(D)(4)(c) provides that "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."

{¶16} On September 13, 2021, 19 days after the magistrate's decision was filed in this case, no timely objections or anything else had been filed in response to the magistrate's decision. Consequently, the trial court adopted the magistrate's decision and entered judgment. Given the absence of any timely-filed objections, the plain language of Civ.R. 53(D)(4)(c) authorized the trial court to adopt the magistrate's decision and enter its independent judgment that Father's consent to the adoption of A.J.T. was not required. Read within the full context of Civ.R. 53(D), subsection (D)(5) reasonably authorized the trial court to extend the objection period if it had received a request for an extension within 14 days and/or before it had entered judgment after the objection period expired.

{¶17} On September 14, 2021, however, 20 days after the magistrate's decision and one day after the trial court entered its judgment that Father's consent was not required, Father filed untimely objections to the magistrate's decision and requested that the trial court extend the 14-day objection period. Father's only argument was that his attorney did not receive notice of the magistrate's decision until seven days after it was filed. Notably, Father cited no legal authority for the implicit second prong of his argument that the trial court erred by failing to grant his request to extend the 14-day objection period six days after the objection period had expired and one day after the court had entered final judgment.

{¶18} In fact, other courts have held that a trial court does not have authority to grant such an untimely request for an extension of the objections period. *See*, *e.g.*, *Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 6-10. Under these circumstances, Father has failed to demonstrate that the trial court erred by failing to grant him an extension of time to object to the magistrate's decision. Father's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR IN ADOPTING THE MAGISTRATE'S DECISION THAT FOUND THAT A [DOMESTIC VIOLENCE CIVIL PROTECTION ORDER] PROHIBITING CONTACT WITH A MINOR CHILD IS INSUFFICIENT TO JUSTIFY A LACK OF FINANCIAL SUPPORT [FOR] THE MINOR CHILD.

{¶19} Father's second assignment of error challenges the merits of the trial court's judgment filed September 13, 2021, that adopted the magistrate's decision and entered judgment that Father's consent to the adoption of A.J.T. by Stepfather was not required. Because Father did not file a timely notice of appeal from that judgment, this court lacks jurisdiction to review the merits of this assigned error.

**{¶20}** App.R. 4(A)(1) provides that a notice of appeal must be filed within 30 days of a final, appealable order. "An untimely notice of appeal does not invoke this Court's jurisdiction." *In re B.B.*, 9th Dist. Lorain No. 15CA010880, 2016-Ohio-7994, ¶ 14, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. Father filed his notice of appeal on November 23, 2021, 73 days after the trial court's September 13 decision. Because Father did not timely appeal from the September 13 decision, this Court lacks jurisdiction to consider the merits of his second assignment of error.

### III.

**{¶21}** Father's first assignment of error is overruled. Because Father did not timely appeal from the judgment at issue in his second assignment of error, this Court does not address its merits.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                         _____

THOMAS A. TEODOSIO
FOR THE COURT


CALLAHAN, J.
<u>CONCURS.</u>

CARR, J.
<u>DISSENTING.</u>

{¶22} I would sustain Father's first assignment of error on grounds not directly raised in his brief because this case involves the termination of his parental rights. Father's trial counsel filed his motion and objections merely one day after the trial court entered judgment adopting the magistrate's decision and explained why he had failed to file timely objections, including a late receipt of the magistrate's decision and his inability to communicate with his client.

{¶23} Although Father's motion was not captioned as a post-judgment motion, the trial court had the discretion to construe the motion and accompanying objections as a motion to vacate judgment under Civ.R. 60(B). *See In re Adoption of A.W.*, 9th Dist. Medina Nos. 08CA0040-M and 08CA0051-M, 2009-Ohio-1492, ¶ 11; *Ventling v. Champion*, 11th Dist. Trumbull No. 2013-T-0046, 2013-Ohio-5846, ¶ 11. Father's counsel set forth reasons for his delay in filing the objections, which could have been interpreted as an attempt to demonstrate excusable neglect under Civ.R. 60(B)(1). Civ.R. 60(B)(1) "is a remedial rule to be liberally construed," so as to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." (Internal citations and quotations omitted.) *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 68 (1985).

**{¶24}** In the interests of justice, the trial court had the authority to determine whether trial counsel's reasons for filing objections five days beyond the objection period constituted excusable neglect and whether the other requirements of Civ.R. 60(B) had been satisfied. The Ohio Supreme Court has recognized that adoption under these circumstances results in an involuntary termination of parental rights. Although the Ohio Revised Code does not grant a right to counsel in adoption cases, the Supreme Court has held that parents opposing adoption in probate court are entitled to appointed counsel, as are parents opposing termination of parental rights in juvenile court, pursuant to their constitutional right to equal protection under the law. *See In re Adoption of Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, syllabus.

**{¶25}** Moreover, the Supreme Court has emphasized that "[w]hen applying R.C. 3107.07(A), we must strictly construe its language in favor of the retention of parental rights." *In re Adoption of A.K.*, Slip Opinion No. 2022-Ohio-350, ¶ 20. As the Court emphasized in *In re Adoption of Y.E.F.*, "[w]hether in custody proceedings in juvenile court or in adoption proceedings in probate court, parents who contest the involuntary and permanent termination of their parental rights fight the same battle against the family law equivalent of the death penalty." (Internal quotations and citations omitted.). 2020-Ohio-6785, at ¶19.

**{¶26}** Under the majority's decision, however, Father is left with no means to challenge the magistrate's determination that his consent to the adoption of his child is not required. Although Father was represented by counsel during these proceedings, he was left without a procedural means to challenge the magistrate's decision because his trial counsel filed objections five days late. Although Ohio courts characterize the termination of parental rights as the family law equivalent of the death penalty, these are not criminal cases and Ohio law does not afford parents facing the termination of their parental rights the same procedural protections as most

criminal defendants. For example, Father has no ability to pursue his untimely objections, a delayed appeal, or any potential claim for ineffective assistance of trial or appellate counsel. I do not believe that Ohio law currently provides adequate protection of Father's due process rights under the facts of this case.

{¶27} Notably, Father has no ability to pursue post-judgment relief other than under Civ.R. 60(B). Therefore, I believe that the trial court should have considered whether he was entitled to relief under Civ.R. 60(B)(1). Because Father's fundamental parental rights were not adequately protected in this case, I respectfully dissent.

APPEARANCES:

NICHOLAS P. WEISS and BRIDGET SCISCENTO, Attorneys at Law, for Appellant.

LUKE BREWER and PAMELA J. MACADAMS, Attorneys at Law, for Appellee.