[Cite as *T.K. v. D.R.*, 2024-Ohio-3402.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|                          |     |              |
|--------------------------|-----|--------------|
| T.K.,                    | :   |              |
|    Plaintiff-Appellee, | :   |              |
|                          |     | No. 113402   |
| v.                       | :   |              |
| D.R.,                    | :   |              |
|    Defendant-Appellant. | :   |              |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** September 5, 2024

Civil Appeal from Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-07-317667

*Appearances:*

Morganstern, MacAdams & Devito Co., LPA and Luke T.
Brewer, *for appellee.*

D.R., *pro se.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant D.R. ("Husband") appeals the trial court's

October 27, 2023 judgment entry that adopted the magistrate's decision issued on

September 29, 2023.  For the following reasons, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2}  On October 23, 2008, the trial court issued a judgment entry of divorce for Husband and T.K. ("Wife") that incorporated a separation agreement and an order for shared parenting.  The basis of this appeal is Wife's show cause motion filed on January 26, 2023, seeking payment from Husband in the amount of $17,081.58, for support and child expenses.

{¶ 3}  On May 1, 2023, the court conducted trial at which Wife was represented by counsel and Husband was pro se.  The trial court accepted testimony from Husband, Wife, and Wife's counsel on the issue of attorney's fees.  A transcript of the trial proceedings is part of the record.  On September 29, 2023, the magistrate issued a decision that detailed the testimony provided by both parties and granted Wife's motion to show cause, ordering Husband to pay to Wife $13,758.74.  On October 3, 2023, a copy of the September 29, 2023 judgment entry was sent by regular mail to Husband.

{¶ 4}  On October 11, 2023, Husband filed with the trial court a praecipe requesting a transcript of the show cause hearing and a pleading titled "motion to file preliminary objections" ("extension motion") that sought additional time to file objections to the magistrate's decision.  Husband attached an affidavit to the extension motion that reads, verbatim:

1. A decision was recorded on September 29, 2023 and mailed to defendant on October 2, 2023. Delivery of said decision was received on October 5, 2023 when defendant was traveling.

2. Defendant physically received decision on October 8, 2023. The court's were closed on October 9, 2023 due to a holiday.

3. Defendant telephoned court's on October 10, 2023 to inquire on objection process. Defendant came to court on October 11, 2023 to request trial transcripts, pay deposit of $200 and file said motion.

On October 13, 2023, the trial court issued a judgment entry denying Husband's extension motion.

{¶ 5} On October 27, 2023, the trial court adopted the magistrate's decision in its entirety. On November 27, 2023, Husband filed a motion to stay proceedings pending appeal; the trial court subsequently denied that motion. On the same date, Husband also filed a timely notice of appeal presenting these four assignments of error:

Assignment of Error I: The trial court erred in granting $628.34 in dental bill reimbursements to the Appellee where the findings made by the trial court are not supported by the evidence in the record. Dental insurance, provided by the Appellant, was in place during this time and Appellee failed to utilize the insurance claiming she didn't know and had no way to confirm dental insurance was in place.

Assignment of Error II: The trial court erred in granting $1,052.25 in miscellaneous expense reimbursements to the Appellee where the findings made by the trial court are not supported by the evidence in the record. The Appellee provided only cancelled checks and statements, from as far back as 2018, for miscellaneous expenses she incurred. No contracts, correspondences, etc. were provided where the Appellant agreed to pay for any of these expenses. The final divorce decree between the parties specifically has a provision regarding this matter that the trial court failed to uphold.

Assignment of Error III: The trial court erred in granting $532.40 in miscellaneous expenses at Magnificat High School to the Appellee where the findings made by the trial court are not supported by the evidence in the record. Here again, the Appellee provided only cancelled checks and statements, from as far back as 2021, for miscellaneous expenses she incurred. No contracts, correspondences, etc. were provided where the Appellant agreed to pay for any of these expenses. The final divorce decree between the parties specifically has a provision regarding this matter that the trial court again failed to uphold.

Assignment of Error IV: The trial court erred in granting $6,612.50 in Magnificat High School Tuition reimbursements to the Appellee where the findings made by the trial court are not supported by the evidence in the record. The Appellee provided trial exhibits from Magnificat High School from both the 2021-2022 & 2022-2023 school years that contain only the Appellee's name. The Appellant refused to sign the annual enrollment and tuition acceptance agreements for these two years. The Appellee was made aware of this and accepted full responsibility for these last two years of Magnificat High School tuition. The final divorce decree between the parties specifically has a provision regarding this matter that the trial court once again failed to uphold.

{¶ 6} On December 19, 2023, Husband filed with this court a motion to stay judgment that we temporarily granted. Following full briefing on the issue, this court denied Husband's motion to stay.

**Legal Analysis**

{¶ 7} Initially, we note that Husband was a pro se litigant before the trial court and presents himself pro se on appeal. This court has previously recognized

a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Thus, we presume Husband has knowledge of the law and appellate process, including App.R. 12 and 16, regarding his burden of demonstrating error on appeal and the requirements for his appellate brief. Husband does not argue any case law in support of his assigned errors that is in derogation of App.R. 16. While this failure allows this court, pursuant to App.R. 16, to decline to address Husband's assignments of error, we will address the merits of Husband's appeal.

{¶ 8} Husband argues that the trial court erred when it adopted the magistrate's decision. Wife argues Husband failed to object to the magistrate's decision and, therefore, his assigned errors may be reviewed only for plain error. A review and analysis of the mechanics of Civ.R. 53 are needed to establish our standard of review.

**Civ.R. 53**

{¶ 9} Civ.R. 53 governs objections to a magistrate's decision, and generally, a litigant must object in writing to a magistrate's decision within 14 days of the filing of the decision. Civ.R. 53(D)(3)(b)(i). By failing to timely object to the magistrate's decision, the litigant waives the right to challenge the "trial court's adoption of the magistrate's findings of fact and conclusions of law, except for a claim of plain error." *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 16 (8th Dist.).

{¶ 10} If a party does not object to a magistrate's decision within 14 days, a trial court may grant a litigant, upon a showing of good cause, a reasonable

extension to file objections. Civ.R. 53(D)(5). Where the trial court does not grant an extension beyond the 14-day filing requirement and no timely objections "are filed, the trial court may adopt the magistrate's decision, unless [the trial court] determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c); *In re R.C.S.L-K.*, 2020-Ohio-5624, ¶ 15 (8th Dist.) (An error occurred where the "magistrate's decision cited a lack of subject-matter jurisdiction as the reason to grant the motion to dismiss" but the appellate court found the trial court, in fact, had jurisdiction.); *In re Estate of Sheares*, 2007-Ohio-3624, ¶ 9 (10th Dist.).

{¶ 11} Here, the magistrate filed her decision on September 29, 2023, and the decision clearly stated objections to the court's findings of fact and conclusions of law had to be filed within 14 days of the filing of the decision, which meant on or before October 13, 2023. To oppose the magistrate's decision, Husband had three options upon his receipt of the decision: (1) file objections on or before October 13, 2023, (2) request and receive an extension pursuant to Civ.R. 53(D)(5), or (3) ask the court, pursuant to Civ.R. 53(D)(4)(c), not to adopt the magistrate's decision — absent objections — because there was an error of law or apparent defect related to the decision.

{¶ 12} Husband did not file any objections. On October 11, 2023, Husband requested an extension of the objection period beyond 14 days because Husband was on vacation when the decision was delivered to his home. While Husband's

extension motion should have cited Civ.R. 53(D)(5), the motion incorrectly cited Civ.R. 53(D)(4)(c).

{¶ 13} We will first discuss Husband's motion to extend the filing deadline pursuant to Civ.R. 53(D)(5). Civ.R. 53(D)(5) reads:

> For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. "Good cause" includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision.

{¶ 14} We note an irregularity in the trial court's service of the magistrate's decision on Husband. Per Civ.R. 53(D)(3)(a)(iii), "[a] magistrate's decision shall be . . . served by the clerk on all parties or their attorneys no later than three days after the decision is filed." The magistrate's decision in the instant matter was filed on September 29, 2023; served on Wife and her counsel by email on September 29, 2023; and sent by regular mail to Husband, who was representing himself, on October 3, 2023, one day later than the requisite statutory service requirement.

{¶ 15} While the statute references a clerk's untimely service as "good cause" for a reasonable extension, case law also shows "good cause" is determined on a case-by-case basis. *See In re Adoption of A.J.T.*, 2022-Ohio-2619, ¶ 13 (9th Dist.) (Even where attorney of record did not timely receive the decision, "good cause" was not demonstrated since the attorney still had seven days to object.); *But see Napier v. Cieslak*, 2015-Ohio-2574, ¶ 4 (12th Dist.) (Good cause shown where litigant was out of town when the magistrate's decision was issued and hired counsel to file objections as soon as he knew of the decision.).

{¶ 16} The one-day delay in serving Husband would not have had a significant impact on Husband's ability to file objections within the 14-day timeline. Husband's extension motion indicated he knew the magistrate's decision was delivered to his home on October 5, 2023, and he had physical possession of the document on October 8, 2023. Yet, Husband did not explain why he did not review the decision on the trial court's docket once he knew of its issuance and timely prepare his objections prior to October 13, 2023. Nor did Husband explain why he did not prepare his objections once he obtained the magistrate's decision on October 8, 2023. There was not a "good cause" basis, pursuant to Civ.R. 53(D)(5), to grant Husband's extension motion.

{¶ 17} When Husband did not object to the magistrate's decision and did not have "good cause" for an extension, he could have asked the trial court, pursuant to Civ.R. 53(D)(4)(c), not to adopt the magistrate's decision because there was an error of law or apparent defect related to the decision. Husband's extension motion cited Civ.R. 53(D)(4)(c) but did not argue an error of law or apparent defect in the magistrate's decision, and we will not raise such arguments on Husband's behalf. As a result, Husband's failure to (1) object to the magistrate's decision, (2) demonstrate good cause for an extension, or (3) establish the magistrate's decision reflected an error of law or apparent defect requires this court to review his assignments of error for plain error.

**Plain-Error Analysis**

{¶ 18} In applying the plain-error doctrine in civil actions, the Ohio Supreme Court has stated that

> "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice." Therefore, "appellate courts must proceed . . . only '. . . where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself.'" *Skydive* at ¶13, citing *Unifund CCR Partners v. Hall*, 10th Dist. No. 09AP-37, 2009 Ohio 4215, ¶22, quoting *Goldfuss* at 121. "Indeed, the plain error doctrine implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant." *Skydive*, citing *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 Ohio B. 281, 480 N.E.2d 802.

*Fifth Third Mtge. Co. v. Sardella*, 2011-Ohio-6458, ¶ 29 (10th Dist.). ""'Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.'"" *Hamilton v. Hamilton*, 2016-Ohio-5900, ¶ 8 (10th Dist.), quoting *In re C.M.*, 2008-Ohio-2977, ¶ 50 (10th Dist.), quoting *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990).

{¶ 19} The magistrate held trial on May 1, 2023, on Wife's motion to show cause/nonpayment of support and her motion for attorney fees. The magistrate heard testimony from Husband and Wife and admitted into evidence Wife's exhibit Nos. 1-16. The magistrate noted that Wife's exhibits were "comprehensive and included bills, statements, and proof of payment." Sept. 29, 2023 judgment entry, p. 3. Wife testified about the amounts in dispute and provided proof of the expenses and her payment of those expenses. Husband testified that he always paid bills in

cash. Husband's proposed exhibit A — a summary of expenses that did not include proof of payment, invoices, receipts, bills, or statements — was excluded upon Wife's objections.

{¶ 20} The magistrate's Sept. 29, 2023 decision detailed its findings of fact and conclusions of law that the trial court adopted in its entirety on October 27, 2023. The findings of fact and conclusions of law discussed the parties' obligations under the divorce decree and shared parenting plan, the parties' testimony, and a detailed explanation substantiating the trial court's decision.

{¶ 21} In his first assignment of error, Husband argues the trial court erroneously ordered him to pay $628.34 in dental bills for his minor daughter. Husband argues the divorce decree required him to pay only 27.79% of his daughter's dental bills and he paid more than his required share and provided his daughter with health insurance.

{¶ 22} The magistrate's September 29, 2023 decision ordered Husband to pay his 27% share of his daughter's dental bills and calculated the total amount due as $628.34:

> Regarding their daughter's dental bills, the total owed was $4,885. [Husband's] portion is 27%, which equals $1,357.54. [Husband] paid $364.60 of his portion and $628.34 remain[s] owed. [Husband] submitted a dental card, but [Wife] was not aware of the dental card. [Wife] is not sure what happened — either the dental card provided no coverage or no insurance because $628.34 was still owed. [Wife] paid the balance of $628.34 to the dentist and [Husband] still owes $628.34 to [Wife]. See exhibit 4.

Sept. 29, 2023 judgment entry, p. 4.

{¶ 23} Our calculations indicate 27% of the full dental bill, $4,885, equals $1,318.95 rather than $1,357.54. Husband made two payments, each $364.60, for a total payment of $729.20. Thus, of the 27% owed by Husband — $1,318.95 — he paid $729.20, and still owes $589.75. The evidence supports the trial court's determination that Husband owed Wife his portion of the dental bill, but the court miscalculated the amount due. The miscalculation amounts to plain error because the error is apparent on the face of the record and is prejudicial to Husband. Accordingly, Husband's first assignment of error is sustained solely on the amount of award, and we remand for the trial court to issue a judgment entry that reflects Husband owes Wife $589.75 for dental bills rather than $628.34.

{¶ 24} Husband's second, third, and fourth assignments of error stem from the parties' agreed-upon parenting plan. In the parenting plan, Husband and Wife agreed to share equally the cost of their daughter's enrollment in parochial grade school. Additionally, they agreed to equally share the cost of a parochial or private high school if the parents agreed on the school and were both financially able to afford the tuition. The parents also consented to equally share the cost of their daughter's sports and extracurricular activities as long as both parents agreed, in advance, to enroll her in the particular activity. If both parents did not consent to the activity, the parent who enrolled the child was responsible for the related fees. Husband attempts to classify the expenses in dispute in the second, third, and fourth assignments of error as extracurricular activities rather than the cost of education;

Husband argues he did not agree to the disputed expenses so that he is not required to pay his equal share of them.

{¶ 25} For ease of discussion, we will address these assignments of error out of order. In his fourth assignment of error, Husband argues that the trial court's order for him to pay $6,612.50, for high school tuition at Magnificat was in error. Wife testified that Husband never told her that they could not afford high school tuition at Magnificat, never objected to their daughter's enrollment at the school, nor stated their daughter should attend another school. Prior to their daughter's freshman year, Husband enrolled in the school's payment plan although he did not ultimately remit his full share of the year's tuition. The magistrate found Husband's claim that he could not afford the cost of Magnificat neither credible nor persuasive because Husband and his parents paid over $16,000 for the daughter's horseback riding lessons, and Husband chose not to work on a full-time basis. The magistrate found

> [Wife] to be credible and detailed to every expense. [Husband] has chosen not to work and has chosen to pay what he wants when he wants and in cash. In closing, [Husband] stated that [Wife] was able to pay their daughter's high school tuition so transferring was not necessary. The Court finds that [Husband] did not meet his responsibilities and did not follow the court orders.

Sept. 29, 2023 judgment entry, p. 7.

{¶ 26} Husband failed to demonstrate plain error where the evidence showed Husband and Wife agreed on their daughter's attendance at Magnificat, the evidence did not demonstrate Husband was unable to financially afford the related

expenses and, therefore, the court ordered Husband to pay Wife one-half of their daughter's high school tuition. Thus, Husband's fourth assignment of error is overruled.

{¶ 27} In his third assignment of error, Husband argues that the trial court erred when it ordered him to pay $532.40, in miscellaneous high school expenses. Husband's agreement to enroll the couple's daughter at Magnificat required him to pay his equal share of these miscellaneous expenses. There is no showing of plain error and, therefore, Husband's third assignment of error is overruled.

{¶ 28} In his second assignment of error, Husband argues that the trial court erred when it ordered him to pay $1,052.25, for miscellaneous expenses. Wife argued Husband was responsible for one-half of the expenses incurred for driving school and miscellaneous charges stemming from their daughter's attendance at Lakewood Catholic Academy including a school trip to Washington, D.C. Wife provided documentation showing she incurred the expenses, and Husband offered no contradictory testimony at trial. We note that while Husband argued in his appellate reply brief that he did not agree to his daughter's participation in the Washington, D.C. trip, the trial transcript does not reflect any such testimony.

{¶ 29} The trial court's order was in conformance with the parenting plan. Husband agreed in advance to pay his equal share for driving school. Husband's agreement to enroll the couple's daughter at Lakewood Catholic Academy required him to pay his equal share of the miscellaneous school expenses. Husband did not demonstrate plain error and, thus, his second assignment of error is overruled.

{¶ 30} Judgment affirmed in part, reversed in part, and remanded to the lower court for proceedings consistent with this opinion. Specifically, the case is remanded so that the trial court can issue a judgment entry finding Husband owes Wife $589.75 for dental bills rather than $628.34, as discussed in response to Husband's first assignment of error.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR